UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 18-31129 (AMN) |
|    Peter J. Risi and Rebecca M. Risi | : | Chapter 7 |
|        *Debtors* | : | |
| | : | |
|    117 Degrees, LLC | : | A.P. Case No. 18-3027 (AMN) |
|        *Plaintiff* | : | |
|    v. | : | |
|    Peter J. Risi and Rebecca M. Risi | : | |
|        *Defendants* | : | RE: AP-ECF No. 20 |

**MEMORANDUM OF DECISION AND ORDER
<u>GRANTING IN PART, AND DENYING IN PART, MOTION TO AMEND COMPLAINT</u>**

Pending before the Court is a motion seeking authority to file a second amended complaint (the "Motion"). AP-ECF No. 20. For the reasons that follow, the Motion will be granted in part and denied in part.

Plaintiff, 117 Degrees, LLC ("117 Degrees" or plaintiff), commenced this adversary proceeding against defendants Peter J. Risi and Rebecca M. Risi ("Mr. and Mrs. Risi" or defendants), on October 15, 2018, by filing a complaint pursuant to 11 U.S.C. § 523(a)(2)(A) and 523(a)(2)(B).[1] AP-ECF No. 1.

Earlier, prior to the July 6, 2018 ("Petition Date") commencement of the underlying Chapter 7 case here, on May 19, 2017, the plaintiff filed an application for pre-judgment remedy in the Superior Court for the State of Connecticut. *See*, NNH-CV17-5038391-S. The application was granted on September 11, 2017 and an attachment upon real property owned by Mr. and Mrs. Risi, at 264 Argyle Road,

---

[1]     Title 11, United States Code is referenced as the "Bankruptcy Code."

1

Cheshire, Connecticut, was recorded on October 11, 2017. The underlying bases for the pre-judgment remedy were allegations of unjust enrichment regarding $150,000 loaned to Mr. Risi by the plaintiff.

Through the initial complaint containing a single count, the plaintiff sought a determination that the $150,000 loan obligation debt owed to the plaintiff is non-dischargeable pursuant to Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(2)(B). The plaintiff filed its first Amended Complaint on December 21, 2018, setting forth similar allegations in a more precise manner, expanding the number of counts to two, but keeping the statutory premise of the complaint limited to §§ 523(a)(2)(A) and 523(a)(2)(B). AP-ECF No. 9.

On March 15, 2019, the plaintiff again sought to amend its complaint, this time moving for permission to do so pursuant to Federal Rule of Civil Procedure 15(a)(2), made applicable here through Federal Rule of Bankruptcy Procedure 7015. AP-ECF No. 20. Stating there is an additional basis for liability omitted from the Amended Complaint which now must be included so that the interests of justice may be served, 117 Degrees seeks leave to file a Second Amended Complaint (the "Second Amended Complaint"). AP-ECF No. 20-1. The proposed Second Amended Complaint includes the two counts from the first Amended Complaint breaking those two counts into four, but also adds two entirely new counts – Counts Five and Six – alleging claims premised on a theory of vexatious litigation stemming from pre-Petition Date litigation in California and relying on a new statute, Bankruptcy Code § 523(a)(6). AP-ECF No. 20-1.

The defendants filed a limited objection to the Motion, essentially conceding the proposed amendment to Counts One through Four, but opposing the proposed addition

2

of Counts Five and Six. AP-ECF No. 21. The defendants' objection will be sustained for the reasons that follow.

## Jurisdiction

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under the Main Case pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

## Discussion

Bankruptcy Code § 523(c) limits the time when a complaint to determine the dischargeability of a debt under § 523(a)(2), § 523(a)(4) or § 523(a)(6) may be filed. Read in combination with Bankruptcy Rule 4007(c), Bankruptcy Code § 523(c) requires that any objection to dischargeability under these three subsections (§ 523(a)(2), § 523(a)(4) or § 523(a)(6)) shall be filed no later than sixty (60) days after the first date set for the meeting of creditors under § 341(a). Fed.R.Bankr.P. 4007(c). Bankruptcy Rule 4007(c) also provides that, "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). Bankruptcy Rule 9006(b)(3) provides, in relevant part, "[t]he court may enlarge the time for taking action under Rules…4007(c)…only to the extent and under the conditions stated in those rules." Fed.R.Bankr P. 9006(b)(3); *see also, Matter of Sablone,* 157 B.R. 739, 24

3

Bankr. Ct. Dec. (CRR) 1029, Fed. Sec. L. Rep. (CCH) ¶ 98338 (Bankr. D. Conn. 1993)(court refused to allow untimely complaint, referring to Fed.R.Bankr.P. 4007 and 9006, stating, "[t]he limitations set out in these rules are clear, and it has been generally held that courts have no authority to disregard them.")

Pursuant to Fed.R.Civ.P. 15(a)(2), a pleading may be amended with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(c) requires a newly-added claim relate back to the date of the original pleading. Pursuant to Fed.R.Civ.P. 15(c)(1)(B), an amendment relates back if it, "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Within the Second Circuit, "[t]he central inquiry is whether adequate notice of the matters raised on the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *ASARCO LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014).

Here, the first four counts of the Second Amended Complaint are essentially unchanged from the original, timely filed complaint in that they rely upon the same general facts and are premised on the same statutory basis for relief. The statutory basis for relief sought in each count of the proposed, Second Amended Complaint (AP-ECF No. 20-1) is generally summarized in the table, below.

| Count | Defendant | Statutory Basis for Relief Sought |
|---|---|---|
| One | Peter J. Risi | 11 U.S.C. § 523(a)(2) |
| Two | Rebecca M. Risi | 11 U.S.C. § 523(a)(2) |
| Three | Peter J. Risi | 11 U.S.C. § 523(a)(2) |
| Four | Rebecca M. Risi | 11 U.S.C. § 523(a)(2) |
| Five | Peter J. Risi | 11 U.S.C. § 523(a)(6) |
| Six | Rebecca M. Risi | 11 U.S.C. § 523(a)(6) |

As plaintiff sets forth in Counts One through Four of the Second Amended Complaint, its initial claim was premised upon alleged misrepresentations that Mr. Risi, and perhaps Mrs. Risi, made in connection with a $150,000 loan made by 117 Degrees to Mr. Risi prior to the Petition Date.  In support, the plaintiff pointed to Mr. Risi's home foreclosure proceeding in state court that was withdrawn soon after the business loan closed.  AP-ECF Nos. 9, 20-1 ¶ 19-20, 19-20.  The loan proceeds were to be used by Mr. Risi's company called The Zoo, Inc. but instead, according to the Second Amended Complaint, were used by Mr. Risi and Mrs. Risi to reinstate the mortgage on their home.  AP-ECF Nos. 9, 20-1 ¶ 17-21, 17-20.  Counts One through Four of the proposed Second Amended Complaint allege claims pursuant to 11 U.S.C. § 523(a)(2), which are based on the same set of facts as the original complaint.  Because the defendants have not objected to the proposed, Second Amended Complaint as it pertains to Counts One through Four, and because the allegations of each count have always been premised on § 523(a)(2), the amendment is permitted as to each of these counts.

By contrast, Counts Five and Six of the proposed Second Amended Complaint allege new claims for vexatious litigation, pursuant to U.S.C. § 523(a)(6).  These claims are based on litigation commenced by the defendants in the Superior Court for the State of California, against the plaintiff and multiple other parties.  In its proposed Second Amended Complaint, the plaintiff alleges the California suit, "was brought without probable cause, with malice, and for the purpose of frustrating the Plaintiff's lawful collection attempts in Connecticut." AP-ECF No. 20-1.  Based on the description set forth in the Second Amended Complaint, it appears the plaintiffs' claims set forth in Counts Five and Six are based on different conduct and a different legal theory, are

alleged to have arisen in a different jurisdiction and involve additional parties than the claims set forth in Counts One through Four.

The original, timely complaint filed pursuant to 11 U.S.C. § 523(a)(2) would not have provided adequate notice to the defendants that they would have to defend against a claim pursuant to 11 U.S.C. § 523(a)(6).  Therefore, I conclude that Counts Five and Six of the proposed Second Amended Complaint do not relate back to the original complaint, as required by Fed. R. Civ. P. 15(c)(1)(B), and time to object to dischargeability of a claim pursuant to 11 U.S.C. § 523(a)(6) expired.  *See,* Fed.R.Bankr.P. 4007(c) and 9006(b)(3).  Accordingly, the Motion is denied as to those two counts.

For these reasons, it is hereby

**ORDERED:** The plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED as to Counts One through Four; and it is further

**ORDERED:** The plaintiff's Motion for Leave to File Second Amended Complaint is DENIED as to Counts Five and Six; and it is further

**ORDERED:**  The plaintiff's Second Amended Complaint (without Counts Five or Six, to be consistent with this decision and order) shall be filed on or before August 16, 2019.

Dated on August 7, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut